## THE STATE OF IOWA v. GEBHARDT.

1. INSTRUCTIONS A PART OF THE RECORD. The Supreme Court will not review instructions which have not been made a part of the record, either by the signature of the judge, as contemplated by §§ 4813 and 4814 of the Revision, or by being incorporated into a bill of exceptions.

*Appeal from Des Moines District Court.*

MONDAY, JUNE 23.

INDICTMENT for leasing a house for prostitution and lewdness. The jury returned a verdict of guilty, whereupon the defendant filed a motion in arrest of judgment, upon the ground that the court erred in giving, modifying and refusing instructions. The motion was overruled, and defendant appeals.

*M. D. Browning* and *B. J. Hall* for the appellant.

*C. C. Nourse*, Attorney General, for the State, relied upon Rev., 1860, § § 4813 and 4814; *The State of Iowa* v. *Hand*, 7 Iowa, 411; *Harmon* v. *Chandler*, 3 Iowa, 150; *Farr* v. *Fuller*, 8 Iowa, 347.

BALDWIN, C. J. — The counsel for defendant assign as error the giving of certain instructions by the court, and the refusal and modifications of those asked by the defendant. Sections 4813 and 4814 of the Revision provide that the instructions given by the court, as well as those asked by counsel, shall be in writing, and signed by the judge and filed with the clerk. If instructions asked are given, or refused, or modified, they must be so marked and signed by the judge.

The record in this case fails to show that the instructions given or refused, were either signed, or made a part of the record, as thus provided.

The counsel of defendant, in their motion for a new trial, refer to the action of the court in giving and refusing certain instructions, and upon such ruling base their application for a new trial, to the overruling of which motion defendant excepted, and a bill of exceptions is signed by the court, showing its ruling upon this motion. It does not appear, by the bill of exceptions, that the instructions which are claimed to be erroneous were in any way made a part of the record. The counsel, it is true, state in their motion that certain instructions were given, and others refused; but the mere averment of counsel that certain rulings were made by the court, does by no means compel us to consider such averment as true. The law requires it to appear over the signature of the judge what instructions were given or refused, and we have no power to consider an instruction as either given or refused, unless it is so certified by the court.

Judgment affirmed.